IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| WITOIL ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Polish authorities seek information from a company in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

   (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

BY: /s/ Richard G. Andrews
     Richard G. Andrews
     Assistant U.S. Attorney
     Delaware Bar I.D. No.2199
     1007 N. Orange Street
     Wilmington, DE  19801
     (302) 573-6277

Dated: 3/30/06

Certified translation from the Polish language

*Oblong stamp:*
APPEALS PUBLIC PROSECUTOR'S OFFICE
2ND ORGANISED CRIME DIVISION
ul. Choroszczańska 17
15-959 Białystok 2, P.O. BOX 187
NIP: 542-20-84-720

Białystok, 23rd June 2005

Reference number Ap II Ds. 6/04/S
Ap II Oz 2/05

## REQUEST
### for legal assistance in a criminal matter

The Appeals Public Prosecutor's Office in Białystok is conducting an investigation, reference number Ap II Ds. 6/04/S, into the matter of introducing into trade diesel oil and petrol without fulfilling the obligation to pay excise duty in 2003 in Poland through WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź, operating within an organised criminal group structure intending to commit crimes; this being a crime under article 54, section 1 of the Polish Fiscal Penal Code in conjunction with article 6, section 2 of the Polish Fiscal Penal Code and article 258, section 1 of the Polish Penal Code.

Based on findings made so far, WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź at Piłsudskiego street number 135, trading in oil products, concluded six trade contracts for supply of A-92 and AI-95 petrol and heavy heating oil with Columbus Universal Limited, seated in Nassau, Bahamas in 2003, and on 17th June 2003 it concluded a trade contract number 5-06/03 UT-WIT with Uni Trading L.L.C. 8130 SW Beaverton-Hillsdale Portland, Oregon 97225 USA. The contract covered sale by Uni Trading L.L.C. to WITOIL company 3,000 tons of unleaded petrol made in Belarus. The goods supply was supposed to be carried out on 31st December 2003. Payment for each goods batch was supposed to be made by bank transfers to the following bank account of Uni Trading L.L.C.:
Uni Trading L.L.C.
8139 SW Beaverton Hillsdale Highway, Portland, Oregon 97225, USA
Reg. no. ▮▮▮▮▮
Corr. bank: Deutsche Bank Trust Company Americas, New York, USA. SWiFT: ▮▮▮▮▮
Beneficiary's bank: PAREX BANK Smilszu street 3, Riga, Latvia;
SWIFT: ▮▮▮▮▮ acc ▮▮▮▮▮

The said contract was executed in Russian, in two counterparts. The contract was signed on behalf of WITOIL company by Robert Tomasz Witczak and on behalf of Uni Trading L.L.C. by Igor Krywczenko (Xerox copy of the contract attached).

As a result of the contract's implementation Uni Trading L.L.C. supplied to WITOIL 953.450 tons of Ai-95 unleaded petrol worth USD 286,035.00 (invoice Xerox copy attached).

The goods were imported to Poland through the border crossing point in Małaszwicze, where the contracts were handled by: Przedsiębiorstwo Spedycyjne Trade Trans spółka z ograniczoną odpowiedzianością *(limited liability company)* in Warsaw, Małaszewicze

Branch; and Euroservice International Inspection Services Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Gdańsk, Małaszewicze Branch.

The entire import was supposed to be financed by Ireneusz Gliszczyński, an attorney for HDP Spółka z ograniczoną odpowiedzialnością *(limited liability company)* in Lublin, who also delivered a list of companies interested in goods supplies to Robert Tomasz Witczak.

Such imported goods could not be introduced into trade as engine fuel because it did not comply with the Polish standards. At the same time, they were also exempted from excise duty.

The evidence gathered during the investigation indicates that following the import of the products to Poland and pumping them from railway tanks into truck tanks, they were directly delivered to either filling stations or fuel warehouses, where they were sold as full-quality petrols or products for production thereof.

As a consequence of such activities the State Treasury sustained losses due to reduction of public law duties for unpaid excise duty of at least 7,809,568 Polish zlotys.

The following charges have been brought during the investigation so far against the Polish citizens Robert Tomasz Witczak and Emil Fuksiewicz:

I. Between 28th May 2003 and 31st December 2003 in Małaszewicze, Łódź and other places, acting jointly and in conspiracy with others, they participated in an organised criminal group intending to commit fiscal crimes connected with import of liquid fuel, evading the due excise duty and accepting and taking abroad payment means and foreign currency being proceeds from crime, which is a prohibited act under article 258, section 1 of the Polish Penal Code;

II. Between 28th May 2003 and 31st December 2003, within short time intervals, acting with criminal intent, jointly and in conspiracy with others, operating within an organised criminal group, making a constant source of income out of committing fiscal crimes, Robert Tomasz Witczak as the owner of WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź and Emil Fuksiewicz as proxy of the company evaded excise duty for import of liquid fuels by misleading the customs authority through stating false data on the nature of the subject and basis of the tax to be imposed on the imported goods, whereby they exposed the State Treasury to reduction of a large value public law duty in the form of excise duty of at least 7,809,568 Polish zlotys, which is a prohibited act under article 54, section 1 of the Polish Fiscal Penal Code in concurrence with article 87, section 1 of the Polish Fiscal Penal Code in conjunction with article 37, section 1, points 1, 2 and 5 of the Polish Fiscal Penal Code in conjunction with article 6, section 2 of the Polish Fiscal Penal Code.

III. Between 28th May 2003 and 31st December 2003 in Łódź, Robert Tomasz Witczak as the owner of WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź, and Emil Fuksiewicz as proxy of the company, acting jointly and in conspiracy with others as part of an organised criminal group within short time intervals, with criminal intent, took abroad foreign currency at USD 1,227,891, which is an equivalent of 4,784,640 Polish zlotys; and, additionally, Robert Tomasz Witczak accepted an amount at 87,764 Polish zlotys being proceeds from crime consisting in evasion of public law duty in the form of excise duty connected with import of oil products following change of their usage, which is a prohibited act under article 299, section 5 in conjunction with section 1 of the Polish Penal Code in conjunction with article 12 of the Polish Penal Code in conjunction with article 65 of the Polish Penal Code.

Therefore, it is necessary to obtain evidence in the United States of America. Thus, by virtue of the Treaty between the Republic of Poland and the United States of America on

Mutual Legal Assistance in Criminal Matters as of 10th July 1996, I would like to request you to carry out the following actions:

I. Find out and send us information whether Uni Trading L.L.C. of 8130 SW Beaverton-Hillsdale Portland, Oregon 97225 runs its business in the United States of America; if it does, then since when has it been operating?

II. Send us an authenticated excerpt from the commercial register for Uni Trading L.L.C. of 8130 SW Beaverton-Hillsdale Portland, Oregon 97225, stating the following details:
   - initial capital value
   - company founders
   - shareholders
   - individuals forming the company authorities: the management board and the supervisory board
   - company seat and its agencies or branches, if any, outside of the United States of America
   - territorial and subject scope of the company's activity

III. Find out whether the said company has raised the interest of the US prosecution authorities?

IV. Find out and send us information whether the company is in fiscal arrears?

V. Find out whether the company Uni Trading L.L.C. has concluded any trade contracts with business entities having their seats in the territory of the Republic of Poland. If so, then which companies these have been, what the contracts have covered and who signed them for both parties. Please send us authenticated Xerox copies of the entire documentation connected with the conclusion of the trade contracts and implementation thereof.

VI. Send us authenticated Xerox copies of documentation, including quality certificates, concerning the purchase by Uni Trading L.L.C. of 8130 SW Beaverton-Hillsdale Portland, Oregon 97225 of Ai-95 unleaded petrol, which was then resold to Polish business entities, including to the company WITOIL.

VII. Find out whether the company employed Igor Krywczenko in 2003. If so, then examine him as a witness to clear out the following facts:
   - When, where and in what set of circumstances were the trade contracts concluded between WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź and Uni Trading L.L.C.?
   - Who represented the WITOIL company?
   - How many trade contracts did Uni Trading L.L.C. conclude with WITOIL Spółka z ograniczoną odpowiedzialnością *(limited liability company)*, seated in Łódź?
   - Who and where signed the contracts on behalf of WITOIL company?
   - Who and how made payments under the contracts?
   - To which bank accounts and with which banks were the payments made?
   - From whom directly did Uni Trading L.L.C. purchase the petrol thereafter resold by it to the WITOIL company?
   - Does he know any of the following Polish citizens: Robert Tomasz Witczak, Adam Grom, Rafał Firkowski, Ireneusz Gliszczyński, Witold Fąfara, Gromosław Czempiński? If so, then in what set of circumstances did he meet them? What did their contacts cover? Did the Polish citizens as specified above take part either directly or indirectly in the conclusion of any trade contracts between Uni Trading L.L.C. and Polish companies. If so, then which companies?

Prior to witness examination, please warn him against the penal liability for perjury and cause the witness sign an adequate statement confirming the fact that he has been warned against such a liability.

The conditions and scope thereof are provided under article 233, section 1 of the Polish Penal Code, which provides as follows:

Section 1.
Any person who, while giving testimony which is going to serve as evidence in court proceedings or other proceedings being conducted on the basis of a law, gives false evidence or conceals the truth shall be liable to the penalty of imprisonment for a period not longer than 3 years.

Section 2.
A condition for such a liability is that the person hearing the testimony, acting within the limits of his/her authority, has warned the person giving testimony against penal liability for giving false evidence or has heard an oath from the testifier.

Section 3.
A person who, not knowing about the right to refuse to testify or answer a question, gives false testimony in fear of penal liability that could threaten him/her or his/her relatives shall not be liable to a penalty.

Please also familiarise the witnesses with the contents of article 183, section 1 of the Polish Code of Penal Procedure, which provides as follows:

A witness may refuse to answer a question if such an answer could expose the witness or his/her relative to liability for an offence, fiscal offence, misdemeanour or fiscal misdemeanour.

and make a note in the records that the witness had been informed so.

Moreover, by virtue of article 190, sections 1 and 2 of the Polish Code of Penal Procedure, please cause the witness sign a statement that he has been warned against the penal liability for giving false testimony or concealing the truth.

Article 190 of the Polish Code of Penal Procedure, which provides as follows:

Section 1. Before an examination commences, a testifier shall be warned against penal liability for giving false evidence or concealing the truth.

Section 2. In preliminary proceedings, a testifier shall sign a statement that he/she has been warned against such a liability.

Best regards

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim*: "Appeals Public Prosecutor's Office in Białystok * 2 *"

**Deputy Appeals Public Prosecutor**
**Henryk Zochowski**
*(-) illegible signature*



## EXCERPT FROM REGULATIONS OF THE POLISH PENAL REGULATIONS

### Law as of 10th September 1999, the Polish Fiscal Penal Code
### (Journal of Laws no. 83 item 930)

**Article 54**
**Section 1.** A taxpayer who, evading taxation, does not disclose the taxable base or object to the competent authority or who does not file a tax return, by which he/she exposes the State Treasury or a local self-government unit to tax reduction, shall be liable to a fine of up to 720 daily rates or to a penalty of imprisonment for a period not longer than 3 years or jointly to both of such penalties.

**Article 87**
**Section 1.** Any person who, by misleading an authority which is entitled to carry out customs control, exposes the State Treasury to reduction of the customs duty, shall be liable to a fine of up to 720 daily rates or to a penalty of imprisonment for a period not longer than 2 years or jointly to both of such penalties.

**Article 6**
**Section 2.** Two or more activities committed in short time spans in the performance of a previously planned intention shall be regarded as one prohibited act; in terms of prohibited acts consisting in exposing to reduction of public law duties or reduction thereof, a short time span means a period of several months.

**Article 37.**

**Section 1.** A court can exceptionally augment a penalty if the perpetrator:

point 1 – intentionally commits a fiscal offence causing reduction of a public law duty of large value or intentionally commits a fiscal offence the value of the object of which is large;
point 2 – has made a constant source of income from committing fiscal offences;
point 3 – commits in a similar way, and at short intervals, two or more fiscal offences before the first sentence, even if legally invalid, has been passed in connection with any of these offences, and every of such offences exhausts the attributes provided for in the same regulation;
point 4 – having been sentenced for an intentional fiscal offence to imprisonment or restriction of liberty or a fine, within 5 years of serving a penalty not shorter than 6 months of imprisonment or 6 months of restriction of liberty, or of paying a fine of at least 120 daily rates, commits an intentional fiscal offence of the same kind;
point 5 – commits a fiscal offence acting in an organised group or in an association whose aim is committing fiscal offences;
point 6 – commits fiscal offences using violence or threatening to use it immediately or acting jointly with another person who uses violence or threatens to use it immediately;
point 7 – by abusing a relation of dependence or making use of a person's critical situation induces such a person to commit a fiscal offence.

**Article 38**
**Section 1.** The court exceptionally augmenting a penalty can impose the penalty of imprisonment as follows:

1) for a period not longer than 6 months or the penalty of restriction of freedom, if the fiscal offence is punishable only by a fine of up to 360 daily rates, which does not exclude imposing the fine as provided for the offence;
2) for a period not longer than one year or the penalty of restriction of freedom, if the fiscal offence is punishable only by a fine of more than 360 daily rates, which does not exclude imposing the fine as provided for the offence;
3) as provided for the fiscal offence committed by the perpetrator within the top limit of the statutory penalty increased by a half, which does not exclude imposing with the same augmentation of the fine as provided for the offence along with the penalty of imprisonment.

### Article 44.

**Section 1.** A fiscal offence ceases to be punishable upon the expiration of the following periods since it has been committed:
point 1 – 3 years – if the fiscal offence is amenable to a penalty of restriction of freedom or that of a fine;
point 2 – 5 years – if the fiscal offence is amenable to a penalty of imprisonment.

**section 5.** If during the time provided for in sections 1 or 2 above proceedings are initiated against the perpetrator, then the punishability of the fiscal offence committed by the perpetrator shall cease upon the expiry of 5 years from the date of expiry of such a period.


**Law as of 6th June 1997, The Polish Penal Code (Journal of Laws number 88, item 553)**

### Article 258
**section 1.** Any person who takes part in an organised group or association intending to commit an offence or a fiscal offence shall be liable to a penalty of imprisonment for a period not shorter than 3 months and not longer than 5 years.

### Article 299
**Section 1.** Any person who accepts, transfers or transports abroad payment means, securities or any other foreign currency values, property titles or movable or real estate property which originate from benefits related to commitment of a prohibited act, or who assists in transferring their property or ownership or takes any other actions that can render the discovery of their criminal origin or placing or their discovery or seizure or ordering their forfeiture impossible or substantially more difficult, shall be liable to a penalty of imprisonment for a period not shorter than 6 months and not longer than 8 years.

**Section 2.** If a perpetrator commits any of the acts referred to in section 1 or 2, acting in conspiracy with other persons, then he/she shall be liable to a penalty of imprisonment for a period not shorter than 1 year and not longer than 10 years.

### Article 12
Two or more activities committed in short time spans in the performance of a previously planned intention shall be regarded as one prohibited act, if the subject of the attempt is personal interest; the condition for regarding multiple acts as one prohibited act shall be that the wronged person is the same in all these acts.

**Article 65**
**Section 1.** Regulations concerning imposing penalty, penal measures and measures connected with placing a perpetrator on probation to be imposed under article 64, section 2 shall also be applicable to any perpetrator who has made committing crimes his/her constant source of income or who commits a crime while acting within an organised group or association aimed at committing crimes and to a perpetrator of a crime of a terrorist nature.
**Section 2.** In the case of perpetrators of the crime under article 258 adequate regulations concerning the perpetrator under article 64, section 2 shall apply, except for the penalty augmenting as provided under the regulation.

**Article 64.**
**Section 1.** If a perpetrator who has been sentenced for an intentional crime to imprisonment, within 5 years and after serving at least 6 months of imprisonment, commits an intentional crime similar to the crime for which he/she has already been sentenced, the court can impose a penalty provided for the crime the perpetrator is charged with up to the top limit of the statutory penalty increased by half.
**Section 2.** If a perpetrator, who has previously been sentenced under conditions as described in section 1 above and who has served a total of at least one year's penalty of imprisonment and within 5 years, after having served the most recent penalty, either as a whole or in part, once more commits an intentional crime against life or health, a crime of rape, robbery, theft and burglary or any other crime against property, committed with the usage of violence or threat to use it, then the court shall impose the penalty of imprisonment provided for the crime above the bottom limit of the statutory penalty, and it can impose the penalty within the top limit of the statutory penalty increased by half.
**Section 3.** The increasing of the top limit statutory penalty, as provided for under section 1 or 2, does not apply to felony.


**Article 101**
**Section 1.** A crime ceases to be punishable upon the expiration of the following periods since it has been committed:
1) 30 years – if it is homicide;
2) 20 years – if it is any other felony;
3) 10 years – if it is a misdemeanour, punishable by imprisonment for more than 3 years;
4) 5 years – if it is punishable by imprisonment for a period shorter than 3 years;
5) 3 years – if it is punishable by restriction of freedom or by a fine.

**Article 102**
If proceedings are initiated against a person within a period provided for by article 101 above, then the crime committed by the person ceases to be punishable 5 years after the end of such a period.

*Oblong stamp:*
Certified to be true to the original document

*Oblong stamp:*
PUBLIC PROSECUTOR
Appeals Public Prosecutor's Office
Sławomir Głuszuk

*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim*: "Appeals Public Prosecutor's Office in Białystok * 2 *."

*Attached are five pages of documents in Russian authenticated by the following stamps and signature in Polish in the bottom part of each page:*

*Oblong stamp:*
Certified to be true to the original document

*Oblong stamp:*
DIVISION OFFICIAL
Appeals Public Prosecutor's Office
Grażyna Kuźmicka
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim*: "Appeals Public Prosecutor's Office in Białystok * 2 *"

*The last, fifth page of the documents in Russian bears also the following stamps with inscriptions in Polish:* "Accepted for customs clearance no. /-/ illegible, Date: 30th June 2003"

*A round, partly illegible stamp bearing the national emblem of Poland and the following inscription:*
"Customs Office /-/ illegible, POLAND, /-/ illegible June 2003 CUSTOMS DUTY"
*(-) illegible signature*

*Repertory no. 272/2005*

*I, the undersigned, Julita Jarzębowska, sworn translator of the English language for the District Court of the City of Płock, hereby certify that the above text is a true and complete translation of the original Polish document.*
*Warsaw, 12 July 2005*

*Julita Jarzębowska*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM POLAND )
IN THE MATTER OF ) Misc No. 06-
WITOIL )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge